UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30080
Summary Calendar
_____


MERCEDES SNELL,

Plaintiff-Appellant,

versus

SHIRLEY CHATER, Commissioner Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93 CV 2109)
_____

August 24, 1995

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this social security disability case, appellant Snell, a 34-year old moderately obese woman with ninth grade education and no work history, was denied benefits. She asserted that she is disabled because of hypertension and heart problems, compounded by obesity and schizo-affective disorder. Having failed to obtain

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

relief throughout the administrative and judicial process to date, Snell has appealed.  We find no error and affirm.

In this appeal, Snell raises four issues.  First, she contends that the administrative law judge applied improper legal standards to determine the severity of her claimed "diagnosed impairments" of obesity and schizo-affective disorder.  In support, she cites Stone v. Heckler, 752 F.2d 1099, 1106 (5th Cir. 1985), where this court set out the correct legal standard to use for determining "non-severity" at Step Two in the five-step disability analysis.  After Stone, however, this court has held that when the ALJ's analysis goes beyond Step Two, i.e., to a finding of severe impairment, specific reference to Stone and its requirements is not necessary.  See Harrell v. Bowen, 862 F.2d 471, 481 (5th Cir. 1988).  Here, although he found the impairments of Ms. Snell "mild," the ALJ went beyond the severity analysis to consider her age, education, exertional limitations and work experience in arriving at the conclusion of not disabled.  He was not required to adhere to the Stone standard.  Moreover, we agree with the district court's conclusion that the ALJ implicitly found that Snell's obesity and schizo-affective disorders did not impair her ability to work.  There is substantial evidence in the record for these findings.

Snell next contends that the ALJ erred by not including in his hypothetical questions to the vocational expert her alleged impairments of obesity and schizo-affective disorder.  But in general, the hypothetical questions that an ALJ poses to a

2

vocational expert need only incorporate the disabilities that the ALJ recognizes. Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). The ALJ did not recognize these alleged impairments. Moreover, Snell's representative had the opportunity at the hearing to remedy the alleged defects in the hypothetical question and did not do so. Consequently, there is no reversible error. Bowling, 36 F.3d at 436.

Snell also contends that the ALJ erred in relying "solely" on Grid Rule 204.00, Appendix 2, Sub-Part P, Regulations 4 (the medical-vocational guidelines) in finding her not disabled. We agree with the district court, however, which read the ALJ's report as we do and concluded that the ALJ did not rely solely on the grids. The Alj's opinion states:

> The undersigned is satisfied that the only reduction in residual functional capacity would be a diminished ability to understand, remember, or carry out complex or detailed job instructions and to deal with the public under circumstances generating high levels of stress. The vocational expert has identified jobs compatible with these limitations which exist in significant numbers in the national economy or regional economies.

Snell's final argument is that the ALJ failed to fully and fairly develop the facts relevant to her IQ. This charge is utterly groundless. Snell was evaluated for psychiatric/psychological problems by four professionals, all of whom questioned her credibility and candor in undergoing the tests they tried to perform. Only Dr. King diagnosed Snell as having probable mild to moderate mental retardation, while the evaluations of the others were much less charitable. The ALJ is entitled to determine the credibility of medical experts and to weigh their

3

conflicting opinions and testimony.  <u>Moore v. Sullivan</u>, 919 F.2d 901, 905 (5th Cir. 1990).  It was within the ALJ's authority to choose which evaluation to believe.  The record contains no indication that further testing would have been desirable or useful.

For these reasons, the judgment of the district court is <u>AFFIRMED</u>.